**In re CHRISTOPHER R., a Minor Child.**

[Cite as *In re Christopher R.* (1995), 101 Ohio App.3d 245.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–94–234.

Decided June 16, 1995.

*Anthony G. Pizza,* Lucas County Prosecuting Attorney, for appellee.

*Spiros Cocoves,* for appellant.

———

ABOOD, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which found appellant to be delinquent and committed him to the legal custody of the Ohio Department of Youth Services.

On appeal, appellant sets forth the following as his sole assignment of error:

"Whether [appellant's] due process rights were violated by the trial court's failure to adhere to the requirements of Juv.R. 29(D)."

The facts which are relevant to the issues raised on appeal are as follows. On April 20, 1994, complaints in delinquency were filed that charged appellant with possession of criminal tools, theft, disorderly conduct, resisting arrest, and unruliness.

On June 8, 1994, appellant appeared in court without an attorney. At that time, he was advised by Referee Mitchell, in relevant part, that:

" * * * you have the right to a trial, you have the right to make the State of Ohio prove beyond a reasonable doubt that these things happened. You have the right to an attorney or lawyer who will represent you at all times of [sic] these proceedings.

"And you also have the right to remain silent. You don't have to speak and your silence won't be held against you. Now, what I would personally advise you to do, I don't know if you want my advice, but what I would advise you to do is to enter a denial today and ask for a lawyer.

"Because if you admit any of these felonies, I'm going to have no choice but to send you back to DYS. So I would suggest that you ask for a lawyer. * * * "

On June 17, 1994, appellant and his attorney, Glen Hoffman, appeared in court before Referee Cairl and, pursuant to a plea agreement, entered an admission to the lesser charge of unauthorized use of a vehicle in violation of R.C. 2913.03 and the charge of resisting arrest. At that hearing, the following exchange took place between the referee, appellant and his attorney:

"THE COURT: Mr. Hoffman, is that your understanding of the agreement?

"MR. HOFFMAN: Yes, it is Your Honor.

" * * *

"THE COURT: All right. May I address your client?

"MR. HOFFMAN: Yes, you may.

"THE COURT: [Appellant], do you understand the agreement?

"[APPELLANT]: Yes.

"THE COURT: And do you understand that if you admit today to the Resisting Arrest charge and the amended charge of Unauthorized Use of a Motor Vehicle prior, that you will not be having a trial?

"[APPELLANT]: Yes.

"THE COURT: Did anybody threaten you or promise you anything to get you to admit to these charges?

"[APPELLANT]: No."

The trial court then accepted appellant's admissions and found him guilty of resisting arrest and unauthorized use of a vehicle. On July 21, 1994, a dispositional hearing was held at which the referee who had accepted the admission, after reviewing the psychologist's report, recommended that appellant be committed to the custody of the Department of Youth Services for six months, or until age twenty-one, that he make restitution upon his release and that his Ohio driver's license be suspended until his eighteenth birthday. On July 25, 1994, the trial court filed a judgment entry which adopted the referee's report and approved the recommendation. No objections were made by appellant's counsel at any stage of the proceedings. On August 16, 1994, appellant filed this appeal.

In his sole assignment of error, appellant argues that he is entitled to a "new hearing" because the trial court did not fully comply with the provisions of Juv.R. 29(D) before accepting his admissions. In support of his argument, appellant asserts that the trial court neglected to advise him "that by entering the admission he was waiving his right to challenge witnesses and the evidence against him, to introduce evidence at the adjudicatory hearing, and to remain silent if he so chose."

Appellee responds that (1) in general, juveniles are not afforded due process in delinquency proceedings that is equal to that afforded adult criminal defendants; (2) appellant was adequately advised of his rights and "entered this plea voluntarily with full knowledge of his rights and while represented by counsel"; and (3) because appellant did not raise the issue that his admissions were not knowingly and voluntarily made at an earlier stage of these proceedings, he is now estopped from raising it on appeal.

Juv.R. 29(D) states, in pertinent part, that:

"(D) Initial Procedure Upon Entry of an Admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining that:

"(1) He is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; and

"(2) He understands that by entering his admission he is waiving his rights to challenge the witnesses and evidence against him, to remain silent and to introduce evidence at the adjudicatory hearing."

Ohio courts have held that in a delinquency case, an admission is similar to a guilty plea made by an adult pursuant to Crim.R. 11(C), in that it constitutes "a waiver of rights to challenge the allegations [in the complaint]." *State v. Penrod* (1989), 62 Ohio App.3d 720, 723, 577 N.E.2d 424, 425. While there appears to be no reported Ohio cases which set forth the standard by which to measure a trial

court's compliance with Juv.R. 29(D) in accepting an admission in a delinquency case, other courts of appeals have considered this issue and, similarly analogizing to Crim.R. 11(C) proceedings, held that the applicable standard for the trial court's acceptance of an admission is substantial compliance with the provisions of Juv.R. 29(D), without which the adjudication must be reversed "so that the juvenile may plead anew." *In re Meyer* (Jan. 15, 1992), Hamilton App. Nos. C–910292, C–910404 and C–9101568, unreported; *In re Allen* (Jan. 13, 1994), Cuyahoga App. No. 64441, unreported.

Upon consideration of the entire record of proceedings before the trial court and the law, this court finds that (a) although the referee who presided at appellant's initial appearance advised him of certain rights, there is nothing before this court that indicates that the record of those proceedings was before the referee who presided at the hearing at which appellant entered his admissions; (b) the referee who presided at the time appellant entered the admissions did not address appellant personally in a manner that could provide the basis for a determination that he was "making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission" or that he understood that "by entering his admission he is waiving his rights to challenge the witnesses and evidence against him, to remain silent and to introduce evidence at the adjudicatory hearing"; (c) the trial court failed to substantially comply with the requirements of Juv.R. 29(D); and (d) appellant's assignment of error is well taken.

On consideration whereof, this court finds further that substantial justice has not been done the party complaining, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is hereby reversed, and this case is remanded for further proceedings. Court costs are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

HANDWORK and MELVIN L. RESNICK, JJ., concur.