[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division. Appellant, Kevin W., sets forth the following assignment of error:
 "The trial court erred in failing to advise Kevin W. of his right to counsel and failed to obtain a valid waiver of the right to counsel at the adjudicatory and dispositional hearings of April 19, 1990. Therefore, the adjudication and disposition in that case could not later be used to enhance the time to be served in a later delinquency proceeding."
The following facts are relevant to this appeal. On October 6, 1989, a complaint in delinquency was filed that charged appellant with aggravated burglary (JC89-16171). An attorney was appointed to represent appellant. Appellant failed to appear for a pre-trial and a warrant was issued. On April 19, 1990, appellant was in custody and appeared in court without his attorney. Appellant's mother was with him. At that time, he was advised by the referee, in relevant part, that:
 "THE COURT: * * * you have the right to have an attorney. * * * You also have a right to a trial. You have the right to make the prosecuting attorney prove that you did the things that are contained in the complaint, and the prosecutor would have to prove beyond a reasonable doubt that you did these things. So you have the right to an attorney, the right to a trial, and the right to remain silent. Do you understand what your rights are?
"[APPELLANT]: Yes, sir.
 "THE COURT: If you wish to take advantage of those rights, you should enter a denial today. That is, if you wish to have an attorney or trial or remain silent, you should enter a denial. If you believe that you didn't do these things, you should also enter a denial.
 "Have you talked to your mom whether or not you should admit or deny these charges?
"* * *
 "THE COURT: I'm going to give you a few minutes to talk to her.
"* * *
 (Whereupon the tape recorded proceedings were off the record.)
 "THE COURT: We're back on the record in the matter styled Kevin W. * * *
 "Kevin, do you want to tell the Court that you did these things, or do you wish to enter a denial?
"[APPELLANT]: I did these things."
The referee recommended that appellant be sentenced to the Department of Youth Services ("DYS") for a minimum of six months and that a stay be placed on that commitment. The trial court adopted the referee's recommendation.
On November 26, 1996, a complaint in delinquency was filed that charged appellant with robbery (JC96-039119). An adjudicatory hearing was held on December 6, 1996. The prosecutor and appellant's attorney reached an agreement that the robbery charge would be amended to attempted robbery. Appellant admitted to the charge. The magistrate recommended that appellant be sentenced to DYS for a minimum of six months and that the stay on the prior commitment (JC89-16171) be lifted and served consecutively. The trial court adopted the referee's recommendation and entered judgment.
Appellant filed notices of appeal in both JC89-16171 and JC96-039119. Appellant also filed a motion for leave to file a delayed appeal in JC89-16171; this court granted the motion on March 6, 1997. On May 2, 1997, this court ordered that the two appeals be consolidated.
In his assignment of error, appellant argues that the trial court failed to establish that his waiver of his right to counsel at the hearing on April 19, 1990 was a voluntary, knowing and intelligent waiver. This court agrees.
In In re Christopher R. (1995), 101 Ohio App.3d 245,247-48, this court stated:
 "Ohio courts have held that in a delinquency case, an admission is similar to a guilty plea made by an adult pursuant to Crim.R. 11(C), in that it constitutes `a waiver of rights to challenge the allegations [in the complaint].' (Citation omitted.) While there appears to be no reported Ohio cases which set forth the standard by which to measure a trial court's compliance with Juv.R. 29(D) in accepting an admission in a delinquency case, other courts of appeals have considered this issue and, similarly analogizing to Crim.R. 11(C) proceedings, held that the applicable standard for the trial court's acceptance of an admission is substantial compliance with the provisions of Juv.R. 29(D), without which the adjudication must be reversed `so that the juvenile may plead anew.' (Citations omitted.)"
This court then held that because the referee who presided at the time the juvenile defendant entered the admissions did not address the juvenile defendant "personally in a manner that could provide the basis for a determination that [the juvenile defendant] was `making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission' or that he understood that `by entering his admission he is waiving his rights to challenge the witnesses and evidence against him, to remain silent and to introduce evidence at the adjudicatory hearing' * * * the trial court failed to substantially comply with the requirements of Juv.R. 29(D) * * *." Id. at 248.
After a thorough review of the proceedings in this case, this court concludes that because the trial court failed to establish that appellant's waiver of his right to counsel and waiver of right to trial at the hearing on April 19, 1990 were voluntary, knowing and intelligent waivers, the adjudication and disposition in JC89-16171 was improper. Therefore, the stay of the disposition in that action could not be lifted and imposed in the subsequent delinquency proceeding (JC96-039119).
Accordingly, appellant's single assignment of error is found well-taken.
On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgments of the Lucas County Court of Common Pleas, Juvenile Division, are reversed. This cause is remanded to said court for further proceedings consistent with this opinion. Appellee is ordered to pay the court costs.
JUDGMENTS REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.