Appellant, Amanda T., has filed this appeal from a judgment entry journalized by the Huron County Court of Common Pleas, Juvenile Division, on April 20, 1998, in which the court accepted an admission from appellant, found her delinquent and ordered her commitment to the Department of Youth Services. Appellant has presented one assignment of error for consideration that is:
 "I. APPELLANT'S ADMISSION WAS ACCEPTED WITHOUT SUBSTANTIAL COMPLIANCE WITH JUVENILE RULE 29."
In support of her assignment of error, appellant argues that the trial court did not substantially comply with Juv.R. 29 in this case when it addressed her at the time she entered an admission. Appellant says: "There is nothing to reflect an understanding of the consequence of the admission, or the waiving of the right to challenge the witnesses and evidence against the appellant, to remain silent, or to introduce evidence at the adjudicatory hearing."
Juv.R. 29 provides, in pertinent part:
 "(D) Initial procedure upon entry of an admission.
The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
When considering these provisions in an earlier case, this court said:
 "Ohio courts have held that in a delinquency case, an admission is similar to a guilty plea made by an adult pursuant to Crim.R. 11(C), in that it constitutes 'a waiver of rights to challenge the allegations [in the complaint].' (Citation omitted.) While there appears to be no reported Ohio cases which set forth the standard by which to measure a trial court's compliance with Juv.R. 29(D) in accepting an admission in a delinquency case, other courts of appeals have considered this issue and, similarly analogizing to Crim.R. 11(C) proceedings, held that the applicable standard for the trial court's acceptance of an admission is substantial compliance with the provisions of Juv.R. 29(D), without which the adjudication must be reversed 'so that the juvenile may plead anew.' (Citations omitted.)" In re Christopher R. (1995), 101 Ohio App.3d 245, 247-48, 655 N.E.2d 280.
This court then held that because the referee who presided at the time the juvenile defendant entered the admissions did not address the juvenile defendant "personally in a manner that could provide the basis for a determination that [the juvenile defendant] was making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission' or that he understood that 'by entering his admission he is waiving his rights to challenge the witnesses and evidence against him, to remain silent and to introduce evidence at the adjudicatory hearing' * * * the trial court failed to substantially comply with the requirements of Juv.R. 29(D) * * * ." Id. at 248.
We have carefully reviewed the record of proceedings in this case and find the trial court did not substantially comply with the requirements of Juv.R. 29(D). The record shows that the prosecutor informed the court it was his understanding appellant was willing to enter an admission to an assault charge. The court then asked appellant's counsel if that was true. Appellant's counsel said yes. The court then personally addressed appellant informing her of the charge against her and asking her if it was true. The court also asked her to recount specific details about the events that led to the charges.
The court did not inform appellant about the rights she was waiving by entering her admission and never asked her if she understood those rights and their waiver. The court never asked if she was voluntarily waiving her rights. Accordingly, appellant's sole assignment of error is found well-taken.
The judgment of the Huron County Court of Common Pleas, Juvenile Division, is reversed. This case is remanded for further proceedings consistent with this opinion. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. -------------------------- JUDGE
Melvin L. Resnick, J. -------------------------- JUDGE
Richard W. Knepper, J. CONCUR. -------------------------- JUDGE