OPINION
Appellant Tabitha Plant was charged in the Licking County Common Pleas Court, Juvenile Division, with delinquency by reason of burglary, aggravated menacing, assault, and resisting arrest. On October 13, 1998, she appeared in the Juvenile Court for entry of a plea. She admitted the charges of burglary, aggravated menacing, and resisting arrest. She denied the charge of assault. The court adjudicated appellant delinquent, and proceeded directly to disposition. The court committed appellant to the custody of the Ohio Department of Youth Services for a minimum period of six months, and a maximum period not to exceed appellant's twenty-first birthday. Appellant assigns a single error on appeal: ASSIGNMENT OF ERROR
THE TRIAL COURT COMMITTED HARMFUL ERROR IN ACCEPTING THE ADMISSION OF THE APPELLANT WHERE THE RECORD DOES NOT DEMONSTRATE THAT THE APPELLANT FULLY APPRECIATED THE NATURE OF THE PROCEEDINGS, THE RIGHTS SHE WAS GIVING UP AND THE IMPLICATIONS OF HER WAIVERS AND ADMISSION.
Juv. R. 29 (D) provides: The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following: (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
Prior to accepting an admission, the Juvenile Court must personally address the party before the court, and determine that the party, and not merely the attorney, understands the nature of the allegations, and the consequences of entering the admission. In Re: Beechler (July 25, 1996), Ross App. No. 95CA2147, unreported. An admission in a juvenile proceeding pursuant to Juv. R. 29 (D) is analogous to a guilty plea made by an adult pursuant to Crim. R. 11. In Re: Christopher R. (1995), 101 Ohio App.3d 245. While strict adherence to the procedures imposed by the rule is not constitutionally mandated, the court must substantially comply with the provisions of the rule. Id. The failure of a court to substantially comply with the requirements of the Juv. R. 29 constitutes prejudicial error, requiring reversal of the adjudication in order to permit the party to enter a new plea. Id. In the instant case, the magistrate advised appellant that by entering a plea of admission, she was waiving the right to remain silent, giving up the right to call witnesses and present evidence in her defense, giving up the right to question and cross examine the prosecution's witness, and relieving the prosecutor of the obligation to prove her case beyond a reasonable doubt. Tr. 6. He further ensured that she was entering the plea freely and voluntarily, and no promises, threats, or inducements had been made to cause her to enter the plea. Tr. 6-7. Appellant argues that the court did not substantially comply with Juv. R. 29, as the court did not advise her that if she chose to remain silent in a trial proceeding, her silence could not be used against her. She further argues that the court erred in failing to advise her that in addition to her right to challenge the prosecutor's witnesses, she would have the right to challenge the other evidence presented by the prosecutor. We disagree with appellant's contention that the court was required to advise her of these specific details in order to substantially comply with Juv. R. 29. In accordance with the rule, the court advised her that she was waiving the right to challenge the witnesses and her right to remain silent. The court therefore substantially complied with the rule. See, In Re: Dingess (May 22, 1997), Scioto App. No. 96CA2453, unreported, (Licking County Juvenile Court substantially complied with Juv. R. 29 by advising appellant of his right to have an attorney, to remain silent, to have a trial, to call witnesses, to cross examine witnesses, and to present evidence on his own behalf). The assignment of error is overruled.
The judgment of the Licking County Common Pleas Court, Juvenile Division is affirmed.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur