JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On January 10, 1999, appellant Dewayne Wells was arrested and charged with carrying a concealed weapon and possession of cocaine. At the time of his arrest, Wells was on probation for an unrelated robbery offense. On February 25, 1999, Wells appeared before the juvenile court and pleaded guilty to the concealed-weapon charge in exchange for a dismissal of the possession charge. The court adjudicated Wells a delinquent and committed him to the Department of Youth Services for one year.[1]
Wells filed a notice of appeal on March 26, 1999. In his appeal, Wells asserts that the trial court erred in accepting his admission to the concealed-weapon charge. Specifically, Wells contends that the trial court failed to comply with Juv.R. 29(D) when it accepted Wells's guilty plea without explaining the elements of the offense to him or asking him if the plea was being entered voluntarily.
The applicable standard of review for the acceptance of a plea in a delinquency case is whether the court substantially complied with the provisions of Juv.R. 29(D).[2] It is evident from the record that the trial court personally addressed Wells and inquired whether he understood the offense with which he was charged, the rights he was waiving by entering his plea, and the potential consequences of that plea. Wells's lawyer, as well as his mother, was present at the plea hearing. There is nothing in the record to suggest that Wells's plea was anything but voluntary. Thus, our review of the record reveals that substantial compliance with Juv.R. 29(D) was achieved. Wells's assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN AND WINKLER, JJ.
[1] According to the transcript of the proceedings, the trial court indicated that it was committing Wells for six months on the prior robbery offense, and to six months on the concealed-weapon charge, for a total commitment of one year.
[2] In re Meyer (Jan. 15, 1992), Hamilton App. Nos. C-910292 and C-910404, unreported; In re Christopher (1995), 101 Ohio App.3d 245,655 N.E.2d 280.