DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Lucas County Court of Common Pleas, Juvenile Division, which accepted appellant Samuel P.'s admission to one count of attempted gross sexual imposition, found appellant to be a delinquent child, and sentenced appellant to the Ohio Department of Youth Services. For the reasons that follow, we affirm the decision of the trial court.
On July 13, 2000, appellant appeared in court and entered an admission to one count of attempted gross sexual imposition in violation of R.C.2923.02 and R.C. 2907.05, a fifth degree felony.[1] The other count of gross sexual imposition was dismissed. At the hearing, when appellant tendered his admission, the following dialogue took place between the court and appellant:
 "THE COURT: Permit me to call Samuel if you would. Do you understand what your lawyer is saying?
"THE WITNESS: Yes, sir.
 "THE COURT: Basically we're back where we were some months back. Charge number one will be reduced to what they call attempted gross sexual imposition which makes it a felony of the 5th degree, which is the lowest degree of felony as possible.
"MR. [P.]: Yes, sir.
 "THE COURT: And if you admit that, they dismiss all together count two;[2] do you understand that?
"MR. [P]: Yes, sir.
 "THE COURT: Do you understand by doing that you're giving up some very, very important rights, and I know that your defense counsel has touched on them with you but I'm required to go over them so please bear with me.
 "You're giving up your right to have a trial and there won't be a trial; do you understand that?
"MR. [P]: Yes, sir.
 "THE COURT: You're giving up your right for you and your lawyer to ask questions of witnesses that normally would come into court; do you understand that?
"MR. [P]: Yes, sir.
 "THE COURT: You're giving up your right for you to bring into court any witnesses that you think could help you.
"MR. [P]: Yes, sir.
 "THE COURT: You're giving up your right to make Ms. Kelly prove beyond a reasonable doubt that you committed one or more of these charges; do you understand that?
"MR. [P]: Yes, sir.
 "THE COURT: You're giving up your right to remain silent. In a minute I'm going to ask you a few questions and you have to answer them; do you understand that?
"MR. [P]: Yes, sir.
 "THE COURT: Have you had a chance to talk privately with your lawyer?
"MR. [P]: Yes, sir.
 "THE COURT: Any questions that you asked your lawyer, did he answer them to your satisfaction?
"MR. [P]: Yes, sir.
 "THE COURT: Do you have any last minute questions you would like to ask him right now either in front of everybody or privately?
"MR. [P]: No, sir.
 "THE COURT: Do you have any questions you want to ask of me about the charges against you or about what's happening in court?
"MR. [P]: No, sir.
 "THE COURT: Do you understand that if we proceed this way, you could be committed to the Ohio Department of Youth Services for a minimum of six months up to age 21; do you understand that?
"MR. [P]: Yes, sir."
The court then informed appellant that he would be entitled to credit for time already spent in custody, and the court inquired of appellant to ensure that nobody had made promises to appellant about his sentence. The trial court also ensured that appellant was not under the influence of alcohol or drugs and that he was thinking clearly. The court then proceeded to establish a factual basis for the charge that appellant was admitting, and appellant admitted the charge. The court found appellant to be a delinquent child and committed him to the Department of Youth Services for a period of at least six months and at most the age of twenty-one. Appellant now appeals, setting forth the following assignment of error:
 "Whether the trial court failed to substantially comply with Juv.R. 29(D) when it accepted Mr. [P's] admission to the charge of attempted gross sexual imposition."
Specifically, appellant contends that the trial court erred in not making a specific finding that appellant's admission was knowing and voluntary and that appellant understood that he had a right to present evidence at an adjudicatory hearing.
Juv.R. 29 (D) provides:
 "(D) The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
"* * *."
A trial court must substantially comply with the provisions of Juv.R. 29(D) before accepting a juvenile's admission. In re Christopher R. (1995), 101 Ohio App.3d 245, 248; In the Matter of Adrian W. (Nov. 20, 1998), Lucas App. No. L-98-1102. Ohio courts have held that the standard for accepting an admission under Juv.R. 29(D) is analogous in principle to accepting a guilty plea under Crim. R. 11. See Id.; In re ChristopherR., 101 Ohio App.3d at 247; In the Matter of: Jennifer Arnester Commons
(May 18, 1999), Allen App. No. CA98 11 0076, unreported. In the context of Crim.R. 11, "substantial compliance" has been defined as follows:
 "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108.
If a trial court fails to substantially comply with Juv.R. 29(D) before accepting an admission, the case must be reversed to allow the juvenile to "plead anew." See In re Christopher R.,101 Ohio App.3d at 248; In the Matter of Adrian W., supra.
A plain reading of Juv.R. 29(D) makes clear that the trial court is not required to make specific "findings" on the record. See In the Matterof: Adrian W., supra. Instead, the rule only requires that the court personally address the juvenile to "determine" that the juvenile's admission is voluntary and knowing, Juv.R. 29(D)(1), and that the juvenile understands that he is waiving his right to challenge witnesses and evidence, to remain silent, and to introduce evidence at a hearing, Juv.R. 29(D)(2).
In this case, the court engaged in an exhaustive colloquy with appellant to ensure that appellant understood the nature of the charges and that he was giving up his right to a trial, his right to confront witnesses, his right to present witnesses, his right to require the state to prove the charges beyond a reasonable doubt, and his right to remain silent. The trial court also ensured that appellant had every opportunity to have any questions answered, that appellant understood the potential penalty, that appellant understood that he would be entitled to credit for time already spent in custody, that appellant was not made promises to induce him to admit to the charge, that appellant's thought processes were unimpaired, and that appellant understood exactly what he was admitting to having done. Upon review of the transcript, we find that the trial court substantially complied with Juv.R. 29(D).
Accordingly, appellant's assignment of error is found not well-taken, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
 ________________________ Peter M. Handwork, JUDGE
Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.
[1] Appellant had previously appeared in court on October 30, 1998 and entered an admission to one count of attempted gross sexual imposition. On appeal, this court reversed the trial court's decision to accept the admission and sentence appellant as a delinquent, finding that appellant was denied effective assistance of counsel. See in the Matter of: SamuelP. (Apr. 14, 2000), Lucas App. No. L-99-1153, unreported. The instant case was before the trial court on remand following our April 14, 2000 decision.
[2] The court initially established a factual basis for, and appellant admitted to, the first count. Subsequently, the parties agreed that appellant would admit to the second count, so a factual basis was established for, and appellant admitted to, that charge. The first count was then dismissed.