OPINION
Defendant-appellant, Christian Bice, appeals from an entry of the Clermont County Juvenile Court finding him a delinquent child for committing acts that if committed by an adult would constitute burglary pursuant to R.C. 2911.12.
Appellant appeared before the juvenile court on October 25, 2000 and entered admissions to complaints of criminal trespass and damaging, burglary and one count of domestic violence. The admissions were apparently the result of negotiations on behalf of appellant as complaints were originally filed for burglary, aggravated burglary and two counts of domestic violence. On November 29, 2000, appellant again appeared before the court. At that time, appellant was committed to the Department of Youth Services ("DYS") for a minimum of one year.
Appellant appeals his adjudication as a delinquent child and commitment to DYS. Appellant raises the following single assignment of error for review:
 THE TRIAL COURT ERRED IN NOT COMPLYING WITH JUVENILE RULE 29(D) BY FAILING TO ADDRESS THE ALLEGED DELINQUENT CHILD PERSONALLY TO ASCERTAIN WHETHER HE WAS VOLUNTARILY WAIVING HIS TRIAL RIGHTS AND WHETHER HE FULLY UNDERSTOOD THE CONSEQUENCES OF AN ADMISSION BEFORE ACCEPTING THAT ADMISSION.
Juv.R. 29(D) states that before accepting an admission the trial court must address the defending party personally and determine both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
An admission in a juvenile proceeding pursuant to Juv.R. 29(D) is generally analogous to a guilty plea made by an adult pursuant to Crim.R. 11. In Re: Christopher R. (1995), 101 Ohio App.3d 245. While strict adherence to the procedures imposed by the rule is not constitutionally mandated, the court must substantially comply with the provisions of the rule. Id. The failure of a court to substantially comply with the requirements of the rule constitutes prejudicial error, requiring reversal of the adjudication in order to permit the party to enter a new plea. Id.
The state argues that appellant failed to preserve this issue for appeal because he did not attempt to withdraw his admission before the trial court. The record supports the state's contention as there is no evidence that appellant sought to withdraw his plea at any time before this appeal. The Eighth District Court of Appeals has held that the failure to seek a withdraw of an admission constitutes waiver of a Juv.R. 29(D) issue on appeal. In re Nicholson (1999), 132 Ohio App.3d 303. We agree and find that we are precluded from reviewing appellant's assignment of error because he did not first attempt to withdraw the plea before the trial court.
Judgment affirmed.
VALEN and POWELL, JJ., concur.