This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, John Hall ("Hall"), appeals the decision of the Summit County Court of Common Pleas, Juvenile Division. This Court reverses.
 I.
On June 12, 2001, a complaint was filed in juvenile court alleging that Hall was delinquent pursuant to R.C. 2151.02. The complaint charged Hall with arson in violation of R.C. 2909.03(A)(1). The record reflects that Hall was on probation at the time of the alleged arson. Present at the adjudication hearing before a magistrate were Hall, his mother and his probation officer. At the adjudication hearing, Hall entered an admission to the arson and probation violation charges. On June 20, 2001, the judge accepted the magistrate's decision and found Hall to be a delinquent child pursuant to R.C. 2151.02. The court committed him to the custody of the Ohio Department of Youth Services for an indefinite term consisting of a minimum period of six (6) months and a maximum period not to exceed Hall's attainment of the age of twenty-one (21) years.
This appeal followed.
 II. ASSIGNMENT OF ERROR APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED BY THE TRIAL COURT'S FAILURE TO ADHERE TO THE REQUIREMENTS OF JUV.R. 29.
In his sole assignment of error, Hall argues that the trial court violated his due process rights by failing to follow Juv.R. 29. This Court agrees.
Juv.R. 29(D) governs adjudicatory hearings and provides that:
 The court * * * shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
This rule places an affirmative duty upon the juvenile court. Prior to accepting an admission, the juvenile court must personally address the actual party before the court and determine that the party understands the nature of the allegations and the consequences of entering the admission.
An admission in a juvenile proceeding pursuant to Juv.R. 29(D) is analogous to a guilty plea made by an adult pursuant to Crim.R. 11(C). Inre Christopher R. (1995), 101 Ohio App.3d 245, 247; In re Jenkins
(1995), 101 Ohio App.3d 177, 179-180. Both rules require respective trial courts to make careful inquiries in order to insure that the admission or guilty plea is entered voluntarily, intelligently and knowingly. In reFlynn (1995), 101 Ohio App.3d 778, 781.
Strict adherence to the procedures imposed by these rules is not constitutionally mandated; however, courts have interpreted them as requiring substantial compliance with their provisions. See State v.Billups (1979), 57 Ohio St.2d 31, 38; In re Christopher R.,101 Ohio App.3d at 247-248; In re Jenkins, 101 Ohio App.3d at 179-180. If the juvenile court fails to substantially comply with Juv.R. 29(D), the adjudication must be reversed so that the minor "may plead anew." In reChristopher R., 101 Ohio App.3d at 248, quoting In re Meyer (Jan. 15, 1992), Hamilton App. Nos. C-910292, C-910404 and C-9101568, unreported.
It is undisputed that Hall did not file any written objections to the magistrate's decision. Juv.R. 40(E)(3)(b) states "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." However, an exception to this waiver exists if plain error is found. In re Etter (1998), 134 Ohio App.3d 484, 492.
Plain error is defined as any error or defect that affects an individual's substantial rights, which is not brought to the attention of the trial court through an objection. Crim.R. 52(B). Although the doctrine of plain error is rooted in criminal law, the Supreme Court of Ohio has recognized the application of the plain error doctrine in civil cases under very exceptional and rare circumstances. Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, 122-123. In a civil proceeding, plain error involves the exceptional circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself. Etter,134 Ohio App.3d at 492. Accordingly, this Court embraces a plain error analysis to allow for correction of an error that was arguably not properly preserved for appellate review in the case of a juvenile adjudication.
In the present case, the court accepted Hall's admission without determining if Hall understood the possible consequences of entering the admission. The court reviewed the nature of the charges, the right to an attorney, the right to remain silent, the right to challenge the state's witnesses and evidence and the right to introduce evidence at the hearing. After reviewing these rights, the court asked Hall to admit or deny the charges. Hall entered an admission to the arson and probation violation charges.
The court then engaged in a discussion with Hall's probation officer regarding the timeline for a recommendation from the staff involved in Hall's case. At the end of the hearing, the following discussion occurred:
THE COURT: * * * Do you have any questions, John?
MR. HALL: No.
 THE COURT: You know it is a Felony 4, so on this charge alone I could commit you to the Department of Youth Services for a minimum of six months. Do you understand that?
MR. HALL: Yes.
THE COURT: Okay.
Upon consideration of the entire record of the proceedings before the juvenile court in this case, this Court finds that the juvenile court, in accepting Hall's admission to the charge of arson, did not substantially comply with the requirements of Juv.R. 29(D).[1] As the language of the rule indicates, the juvenile court is required to comply with both paragraphs (1) and (2) before accepting the party's admission. Accordingly, the juvenile court's failure to comply with the requirements of Juv.R. 29(D) rises to the level of plain error. Hall's assignment of error is sustained.
 III.
Having sustained Hall's assignment of error, the judgment of the juvenile court is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
BATCHELDER, J. CONCURS
[1] On appeal, appellee relies on In re Jackson (Nov. 14, 2001), Summit App. No. 20647, unreported, for the proposition that a juvenile's failure to attempt to withdraw his admission results in waiver of any error on appeal. In In re Jackson, this Court held:
 Specifically, the court questioned Appellant concerning his awareness of the charge against him, the possible penalties stemming from his admission, and the rights that he would be waiving by entering an admission. As such, the court did not err by accepting Appellant's admission. We further note that Appellant did not attempt to withdraw and/or vacate his prior admission to the offense. Courts have held that failure to request a withdrawal of an admission waives any error on appeal.
This Court's analysis in In re Jackson resulted in a finding that the trial court did not err; the fact that the majority opinion also chose to discuss the issue of waiver is merely dicta.