[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Jeffrey Burch, appeals from his commitment to the Ohio Department of Youth Services ordered by the juvenile court, pursuant to his adjudication as a delinquent child. In two assignments of error, Burch argues (1) that his admissions at the adjudicatory hearing to allegations in the complaints of felonious assault and aggravated robbery were not made knowingly, intelligently, and voluntarily; and (2) that he was denied the effective assistance of counsel.
The charges against Burch resulted from an incident in which Burch, two other juveniles, and two adults had robbed a store. During the robbery, one of the assailants struck a store clerk in the back of the head with a hammer with such force that a skull fragment imbedded in the clerk's brain. While the clerk lay immobilized on the floor, his assailants stole his wallet and made away with food and tobacco merchandise from the store. As a result of the attack, the clerk lost full use of his right arm and required intensive physical therapy.
In his first assignment of error, Burch argues that his admissions at the hearing to allegations of felonious assault and aggravated robbery were not made knowingly, intelligently, and voluntarily. Juv.R. 29(D) prohibits the acceptance of a juvenile's admission unless the trial court has addressed the child personally and has determined (1) that the admission is voluntary and made with an understanding of the nature of the allegations and the consequences of the admission, and (2) that the child understands that, by admitting to the facts, he or she is waiving the right to challenge witnesses and evidence against him or her, the right to remain silent, and the right to introduce evidence at the adjudicatory hearing.[1] Because an admission waives the juvenile's right to challenge the allegations in the complaint, the procedure under Juv.R. 29(D) for accepting an admission is deemed analogous to the procedure for accepting a guilty plea entered in a criminal proceeding pursuant to Crim.R. 11(C).[2] The record must adequately demonstrate that the trial court personally addressed the juvenile to ensure that he was meaningfully informed of the Juv.R. 29(D)(2) rights and of the effect of a waiver of those rights.[3]
In this case, the court simultaneously addressed Burch and the two other juveniles. It expressed concern with the "[s]everity of the crime" because "[i]t could have easily gone from felonious assault and robbery to murder * * *." The court emphasized that it would not accept the juveniles' admissions "if they conscientiously [felt that] they did not do [the alleged acts]." The court advised the juveniles that it could commit them to a state institution for a minimum of two years or until age twenty-one, depending upon their behavior at the institution. The court then asked, "So, does everybody understand what we talked about? * * * Boys do you all understand this? * * * What about you, Jeffrey, do you understand what I'm talking about? I'm only going to let them do this if it is of their own free will."
The court began its Juv.R. 29(D) colloquy with the three juveniles by addressing one of the other juveniles first. The court informed him of his right to a trial and described for him what a trial entailed. The court told him that witnesses would testify against him, that he could bring in witnesses on his behalf, and that he could, but did not have to, take the stand himself. The court then asked whether the juvenile understood what a trial was and that he waived his right to a trial if he admitted the allegations of the complaint.
The court then addressed Burch. The court asked whether Burch had listened to its description of a trial and whether he understood what a trial was. Burch responded, "Yes." When the court asked Burch whether he understood that his admissions to the allegations waived his right to a trial, Burch responded affirmatively. The court then asked Burch again whether he wanted to make the admissions. Burch responded, "Yeah."
While the better practice would have been for the court to address the entire Juv.R. 29(D) colloquy to each juvenile individually, we are satisfied, on this record, the court personally addressed Burch and meaningfully informed him of his Juv.R. 29(D)(2) rights and of the effect of his waiver of those rights Therefore, Burch's first assignment of error is overruled.
In his second assignment of error, Burch contends that he was denied the effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel in this case, Burch must demonstrate that counsel's performance was deficient, and that, but for counsel's deficient performance, he would not have entered admissions to the allegations.[4]
Burch must show that there is a reasonable probability that, were it not for counsel's errors, his admissions would not have been made.[5]
The record in this case does not reveal that counsel for Burch made errors by conveying incorrect information to him, or that Burch received any promises in exchange for his admissions. Moreover, as we determined,supra, Burch was meaningfully informed of his rights under Juv.R. 29(D)(2) and made knowing, intelligent, and voluntary admissions. Without a showing that counsel's performance was deficient, Burch's claim of ineffective assistance of counsel must fail. Therefore, Burch's second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See In re Pope (Jan. 25, 2002), Hamilton App. No. C-010306, unreported.
[2] See id., citing In re Christopher R. (1995), 101 Ohio App.3d 245,247, 655 N.E.2d 280, 282.
[3] See id., citing State v. Ballard (1981), 66 Ohio St.2d 473,423 N.E.2d 115, paragraph two of the syllabus.
[4] See Hill v. Lockhart (1985), 474 U.S. 52, 58-59, 106 S.Ct. 366; 370; State v. Xie (1992), 62 Ohio St.3d 521, 524, 584 N.E.2d 715; 717; see, also, Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.
[5] See State v. Xie, supra, at 524, 584 N.E.2d at 717 (citations omitted).