OPINION
Appellant, Ashley Ratliff, appeals the decision of the Juvenile Division of the Clermont County Court of Common Pleas committing her to the Department of Youth Services ("DYS"). We reverse the decision of the juvenile court.
Appellant and her siblings were neglected and repeatedly abused. Appellant was removed from her home and placed in foster care on February 7, 1997. Appellant, who was twelve years old at the time, told her foster mother that a total of twenty-three alleged perpetrators, including her mother, father, and stepfather among other family members, had sexually abused her.
Appellant testified via video at her mother's trial for rape, assault and child abuse. Shortly after her mother's trial ended, appellant was despondent and attempted to harm herself. Appellant's foster mother endeavored to subdue appellant's outburst by having appellant take her medication. Appellant instead assaulted her foster mother. Appellant's foster father called the Hamilton police. When the police arrived, appellant assaulted the police officers.
On July 28, 1998, appellant appeared in Butler County Juvenile Court on two counts of assault on a police officer, which would be a felony of the fourth degree if committed by an adult, and additional misdemeanors. At that time, her trial attorney indicated that appellant would be pleading true to the offenses. The court did not address appellant. The court addressed appellant's foster mother and inquired about the altercation. At no point in the adjudication did the court inform appellant of her rights or the consequences of the adjudication. Furthermore, the court never directly asked appellant if she admitted to the charges. Appellant was adjudicated delinquent and her case was transferred to Clermont County for disposition because appellant was in the custody of Clermont County Children Services.
On September 8, 1998, appellant appeared at the disposition hearing in the Clermont County Juvenile Court without an attorney. She was not asked if she wished to have an attorney present and she did not indicate that she wished to waive her right to an attorney. The court placed appellant on probation and suspended a six-month minimum commitment to DYS.
On February 8, 2001, appellant appeared in the Clermont County Juvenile Court on a probation violation charge. The probation violation was based on appellant's discharge from her placement at the New Hope Treatment Center. Appellant was discharged because she was "homicidal and suicidal" and she would not "commit to any safety plan."
On February 15, 2001, the Clermont County Juvenile Court found appellant had violated her probation. The juvenile court imposed the sentence previously suspended for the assault on a police officer and committed appellant to DYS for a minimum of six months and a maximum period not to exceed her twenty-first birthday. On March 15, 2001, appellant filed a timely notice of appeal[1] raising five assignments of error. The first and second assignments of error involve infringements of Constitutional rights. For purposes of clarity, the first and second assignments of error will be discussed together.
Assignment of Error No. 1:
 ASHLEY RATLIFF'S ADMISSION WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY, IN VIOLATION OF THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND JUV.R. 29, WHERE THE TRIAL COURT FAILED TO ADEQUATELY EXPLAIN THE NATURE OF THE ALLEGATIONS, THE RIGHTS WAIVED BY ENTERING AN ADMISSION, AND THE CONSEQUENCES OF HER ADMISSION.
Assignment of Error No. 2:
 THE TRIAL COURT VIOLATED ASHLEY RATLIFF'S RIGHT TO COUNSEL UNDER THE DUE PROCESS CLAUSE OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, OHIO REVISED CODE SECTION 2151.352 AND JUVENILE RULES 4 AND 29.
Appellant argues the Butler County Juvenile Court erred when it accepted her plea and adjudicated her delinquent without addressing her personally and explaining the charges and her trial rights before ascertaining whether she both understood and waived her constitutional rights. Appellant further argues the Clermont County Juvenile Court erred when it proceeded with the disposition hearing without appellant's attorney and without obtaining a waiver of the right to counsel. When reviewing an alleged Juv.R. 29 error, "a juvenile court will not be reversed so long as it substantially complies with the requirements of Juv.R. 29." In re Beechler (1996), 115 Ohio App.3d 567, 572. (Emphasis added.)
Juv.R. 29(D) states that before accepting an admission, the court must address the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with the understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
Juv.R. 29(D) places an affirmative duty upon the juvenile court requiring the court to personally address the juvenile before the court to determine that the juvenile, not merely the attorney, understands the nature of the allegations and the consequences of entering the admission. In re Beechler, 115 Ohio App.3d at 571. The Ohio Supreme Court has held the best method for obtaining compliance with Juv.R. 29(D) is to use the language of the rule, "carefully tailored to the child's level of understanding, stopping after each right and asking whether the child understands the right and knows that he is waiving it by entering an admission." In re Miller (1997), 119 Ohio App.3d 52, 58, citingState v. Ballard (1981), 66 Ohio St.2d 473 . If the juvenile court fails to substantially comply with Juv.R. 29(D), the adjudication must be reversed so that the minor "may plead anew." In re Christopher R. (1995), 101 Ohio App.3d 245, 248.
Appellee contends that failure to seek a withdrawal of admission has been held to constitute a waiver of a Juv.R. 29(D) issue on appeal. Inre Bice (Nov. 26, 2001), Clermont App. No. CA 2001-01-008 at 3, unreported, citing In re Nicholson (1999), 132 Ohio App.3d 303. However, the Bice and Nicholson decisions do not apply to the facts of appellant's case. In Bice and Nicholson valid admissions were made that could have been withdrawn.
Upon reviewing the transcript of the July 28, 1998 adjudication hearing, the court never addressed appellant and asked her if she admitted to the offense. If appellant never admitted to the offense, she cannot seek withdrawal of the admission. Therefore, there was no waiver for failure to seek a withdrawal of admission that was never made.
The transcript shows appellant was represented by appointed counsel at the July 28, 1998 adjudication hearing. After the case was called, the court asked appellant's counsel, "would you want to enter a plea today, at this time?" Appellant's counsel stated, "at this point she wishes to enter a plea of true to the offenses." Appellant was addressed directly by the court with only two questions: "How are you going to act" and are you going to "take your medicine?" The court never personally addressed appellant to determine that she understood the nature of the allegations and the consequences of entering an admission. The court also never directly asked appellant if she admits to the offense.
In short, by not addressing appellant the Butler County Juvenile Court failed to comply even minimally with the requirements of Juv.R. 29(D). Failure to substantially comply with the requirements of Juv.R. 29(D) requires reversal of an adjudication of delinquency. In re Hendrickson
(1996), 114 Ohio App.3d 290, 293; In re Christopher R.,101 Ohio App.3d at 248. Therefore, the first assignment of error is well-taken.
A juvenile is also entitled to representation by counsel at all stages of a delinquency proceeding under R.C. 2151.352 and Juv.R. 4(A). Juv.R. 29(B) requires the juvenile court to:
 (1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;
 (2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court * * *;
 (3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
 (4) Appoint counsel for any unrepresented party under Juv.R. 4(A) who does not waive the right to counsel; [and]
 (5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross- examine witnesses, and, upon, request, to have a record of all proceedings made, at public expense if indigent. (Emphasis added.)
Upon a review of the record, we find that the Clermont County Juvenile Court never ascertained whether appellant was represented or whether appellant waived her right to counsel. Appellant was represented by counsel at the adjudication hearing prior to the transfer to the Clermont County Juvenile Court. When appellant appeared before the Clermont County Juvenile Court, the court took no steps to determine the whereabouts of appellant's counsel or determine if appellant waived her right to counsel. To be valid, a waiver of a constitutional right must be an intentional relinquishment of a known right or privilege. SeeJohnson v. Zerbst (1937), 304 U.S. 458, 58 S.Ct. 1019. Accordingly, the trial court failed to afford appellant a right to which she was entitled. Appellant's second assignment of error is, therefore, well-taken.
Given our ruling on the first and second assignments of error, the other assignments of error are moot.[2] This court finds that appellant was prejudiced and prevented from having a fair trial. Based upon the foregoing, we have determined that the Butler County Juvenile Court's colloquy with appellant failed to comply with Juv.R. 29. Furthermore, the Clermont County Juvenile Court failed to determine whether appellant was represented or knowingly and voluntarily waived her right to counsel. Accordingly, we vacate appellant's admission and adjudication, reverse the judgment committing appellant to DYS and remand to Clermont County with instructions to send this case to Butler County for further proceedings consistent with this opinion.
Judgment reversed and remanded.
POWELL, P.J., and YOUNG, J., concur.
[1] Appellant's appeal was timely filed pursuant to In re Anderson
(2001) 92 Ohio St.3d 63, because, appellant was never served notice of the July 28, 1998 Butler County judgment as required by Civ.R. 58(B). Therefore, under App.R. 4(A), the time for filing a notice of appeal never began to run and appellant's appeal in this case was timely filed.
[2] Although moot, the court would like to note that appellant's third assignment of error indicates appellant failed to receive notice of conditions of her probation. Juv.R. 34(C) states, "[i]n all cases where a child is placed on probation, the child shall receive a written statement of the conditions of probation." Since no written conditions of probation were created, appellant was not given notice of the conditions that would constitute a probation violation. This omission violates Juv.R. 34(C) and 35(B).