OPINION
{¶ 1} J.W., a juvenile who admitted to delinquency by reason of having committed acts that would constitute the offenses of Rape and Gross Sexual Imposition if committed by an adult, was adjudicated delinquent in the Court of Common Pleas, Juvenile Division, Montgomery County. J.W. contends that his adjudication and disposition must be reversed, because he was denied the effective assistance of counsel and because his admission was not knowingly and voluntarily made.
 {¶ 2} The record fails to portray J.W.'s claim that his trial counsel was ineffective in any way that rendered his admission other than knowing and voluntary. Although the magistrate noted, at one point while taking the admission, that J.W. looked puzzled, the magistrate appropriately advised J.W. that he must indicate which of the points being communicated to him by the magistrate, if any, were not clear. J.W.'s responses in his colloquy with the magistrate were all appropriate. The record of the taking of the admission fails to portray that the admission was other than knowing and voluntary. A reference by J.W.'s attorney to fact that J.W. "has some issues with respect to processing what is said to him and what is going on around him," occurred at the disposition hearing, and therefore was not before the trial court at the time the admission was taken, and cannot be the basis for a claim of error in the taking of the admission. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} A complaint alleging that J.W. committed two counts of Rape was filed in the Montgomery County Court of Common Pleas, Juvenile Division in December, 2002. About six weeks later, J.W. was served with a second complaint containing a third allegation of Rape. An adjudication hearing was held the next day. At the adjudication hearing, J.W. admitted his delinquency, and was found to be delinquent by reason of having committed one count of Gross Sexual Imposition, with regard to the first complaint, and one count of Rape, with regard to the second complaint. A dispositional hearing was held subsequently, and an appropriate disposition was ordered. From his adjudication and disposition J.W. appeals.
 II {¶ 4} J.W.'s First Assignment of Error provides as follows:
 {¶ 5} "Appellant Was Denied His Right To Effective Assistance Of Counsel As Guaranteed By The Sixth Amendment Of The Constitution Of The United States And By The Constitution Of The State Of Ohio, Article I, Section 10."
 {¶ 6} J.W. contends that he was denied the effective assistance of counsel. Specifically, he claims that trial counsel failed to investigate the allegation of Rape set forth in the second complaint, that counsel did not consult with him before accepting the plea bargain offered by the State, and that counsel failed to present any mitigating circumstances at the dispositional hearing.
 {¶ 7} An admission in a delinquency proceeding is analogous to a guilty plea made by an adult in a criminal proceeding pursuant to Crim.R. 11(C). In re Christopher R. (1995), 101 Ohio App.3d 245, 247, citation omitted. "A guilty plea constitutes a complete admission of guilt." State v. Brewer, Clermont App. CA2002-03-025, 2003-Ohio-1064, ¶ 7. "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." Id., citation omitted. "Thus, the plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt." Id., citations omitted. "This includes the right to claim that the accused was prejudiced by constitutionally ineffective counsel, `except to the extent the defects complained of caused the plea to be less than knowing and voluntary.'" Id., citations omitted.
 {¶ 8} To prevail on a claim of ineffective assistance of trial counsel, a defendant must show both deficient performance, and resulting prejudice. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674.
 {¶ 9} In this case, J.W. entered an admission to a reduced charge on the first complaint and to the charge of Rape in the second complaint. We have found, as set forth in Part III, below, that his admission was knowingly and voluntarily made, and that the record does not support his claim of ineffective assistance of counsel with regard to the adjudication of delinquency. Although J.W. contends that his trial counsel was also deficient with respect to the subsequent dispositional hearing, this contention is conclusory. J.W. has not referred to anything in the record that would support this contention, and we have found nothing to support it.
 {¶ 10} The First Assignment of Error is overruled.
 III {¶ 11} The Second Assignment of Error states as follows:
"The Juvenile's Admission To The Charges Of Gross Sexual Imposition And Rape Was Not Knowing, Intelligent, And Voluntary, In Violation Of The Due Process Clause Of The Constitution Of The United States, Article I, Sections 10 And 16 Of The Ohio Constitution And JUV.R. 29."
 {¶ 12} J.W. contends his admission to the charges of GSI and Rape was not knowing, intelligent and voluntary, and that the trial court therefore erred by accepting his admission. In support, he claims that it is clear from the record that he was confused and did not understand what was occurring when he entered his admission. He also claims that since his attorney did not investigate the charge of Rape contained in the second complaint, and did not consult with him before accepting the plea agreement, the admission was not made knowingly.
 {¶ 13} Juv.R. 29(D) governs the procedures upon an admission and states as follows:
 {¶ 14} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 15} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 16} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
 {¶ 17} "The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule."
 {¶ 18} In accepting a juvenile's admission in a delinquency case, the trial court must substantially comply with the specific requirements of Juv.R. 29(D). Christopher, supra at 247-248. In determining whether an admission is made knowingly, intelligently, and voluntarily, courts look to the totality of the circumstances. In re Flynn (1995),101 Ohio App.3d 778, 782, citations omitted.
 {¶ 19} In this case, the magistrate informed J.W. of the nature of the charges against him. He also informed J.W. that the State was willing to reduce the charges against him in the first complaint, and explained the nature of the reduced charges. The magistrate then informed J.W. of the possible penalties applicable to each charge if he were to admit to the charges and be found delinquent. The magistrate further instructed J.W. of the rights that he would be relinquishing if he were to admit to the charges. Specifically, the magistrate told J.W. that by admitting to the charges he would be giving up his right to a trial, to have the state prove that he committed the offenses beyond a reasonable doubt, to confront the witnesses against him, to call witnesses in his own defense. The magistrate further asked J.W. whether he understood that by admitting to the charges he was giving up these rights, to which appellant answered "yes." The magistrate asked whether anyone had threatened J.W. or forced him to make the admission, and whether anyone had made him any promises with regard to the admissions. We note that at one point the magistrate indicated that J.W. appeared "puzzled." The magistrate then asked him whether there was any portion of the proceedings that he did not understand, to which J.W. replied, "no."
 {¶ 20} The magistrate's questioning of J.W. was an attempt to ascertain whether he understood the nature of the allegations that he wanted to admit. In answering the magistrate's questions, J.W. confirmed that those were the charges that he wanted to admit. Juv.R. 29(D) states that the court shall not "accept" an admission without following the procedures set forth therein. By questioning J.W. in this manner, the magistrate complied with the Rule by determining whether J.W. was making the admissions voluntarily with a complete understanding of the consequences, before accepting the admission. A review of the record reveals that all of J.W.'s responses to the magistrate were appropriate, and that the magistrate complied with Juv.R. 29(D).
 {¶ 21} An appellate court can only review claims of error that are based on facts which appear in the record and not on facts as alleged in an appellate brief. Merillat v. Fulton Cty. (1991), 73 Ohio App.3d 459,463. J.W.'s argument that he entered his admission without an investigation of the Rape charge, and based upon his counsel's failure to advise him raises an issue concerning the voluntariness of his plea. However, determination of that issue necessarily depends on matters not in the record before us. There is nothing in the record to support his claim that counsel failed to investigate the Rape charge, or that his attorney failed to consult him prior to accepting the plea. We find nothing to indicate that counsel gave J.W. inappropriate advice. In fact, it is clear from the record that J.W.'s attorney discussed the second complaint with him prior to the adjudication.
 {¶ 22} J.W. also points to his attorney's reference to the fact that J.W. "has some issues with respect to processing what is said to him and what is going on around him." This reference occurred at the disposition hearing, and therefore was not before the trial court at the time the admission was taken, and cannot be the basis for a claim of error in the taking of the admission.
 {¶ 23} The Second Assignment of Error is overruled.
 IV {¶ 24} Both of J.W.'s Assignments of Error having been overruled, the judgment of the trial court is affirmed.
WOLFF and YOUNG, JJ., concur.