**In re AMOS, a Minor Child.   (Two Cases.)**

[Cite as *In re Amos*, 154 Ohio App.3d 434, 2003-Ohio-5014.]

Court of Appeals of Ohio,
Third District, Crawford County.

Nos. 3–03–08 and 3–03–09.

Decided Sept. 22, 2003.

David H. Bodiker, State Public Defender, and Jill E. Beeler, Assistant Public Defender, for appellant.

Stanley Flegm, Crawford County Prosecuting Attorney, for appellee state of Ohio.

---

THOMAS F. Bryant, Presiding Judge.

{¶ 1} Defendant-appellant Kristopher T. Amos ("Amos") brings this appeal from the judgments of the Court of Common Pleas of Crawford County, Juvenile Division, adjudicating him to be a delinquent child.

{¶ 2} On October 3, 1997, a complaint was filed alleging that Amos, born on July 26, 1987, had unlawful sexual contact with a minor female under the age of 13. The complaint also alleged that Amos had threatened to kill a counselor when she visited his home. On January 15, 1998, the trial court appointed a guardian ad litem for Amos; however, no defense attorney was appointed. On May 8, 1998, a hearing was held on the complaint. No record was made of the hearing. The trial court found the evidence to support the complaint and adjudicated Amos to be a delinquent child and ordered him committed to a residential therapeutic placement program.

{¶ 3} On November 20, 2000, the state moved the trial court to review the disposition and impose the commitment to the Department of Youth Services ("DYS"). This motion was based upon alleged probation violations. On December 5, 2000, the trial court held a hearing on the matter and revoked Amos's probation. Amos was then sentenced to a minimum of six months to a maximum of age 21 in the custody of DYS. It is from these judgments that Amos appeals and raises the following assignments of error:

"The trial court committed reversible error when it failed to create a complete record in violation of Juv.R. 37(A).

"[Amos's] admissions were not knowing, intelligent, and voluntary, as required by the Fifth and Fourteenth Amendments to the United States Constitution, Sections 10 and 16, Article I of the Ohio Constitution, and Juv.R. 29.

"[Amos] was denied his right to counsel in violation of Juv.R. 4, Juv.R. 29, R.C. 2151.352, Section 16, Article I of the Ohio Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution.

"[Amos] was denied his right to counsel in violation of Juv.R. 4, Juv.R. 29, and Juv.R. 35(B), R.C. 2151.352, Section 16, Article I of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution."

{¶ 4} This court notes that the state has failed to file a brief. "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the

time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the fact and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

{¶ 5} In the first assignment of error, Amos claims that the trial court erred by not making a record of the hearings. "The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases[.]" Juv.R. 37(A). The failure to make these records prevents the preparation of a transcript for appellate review. "This constitutes an abuse of discretion and warrants reversal." *In re Dunn*, 3d Dist. No. 8–01–13, 8–01–14 and 8–01–15, 2002-Ohio-403, 2002 WL 129828. Since the trial court did not make records of any of the adjudicatory or dispositional hearings at issue, the trial court abused its discretion. The first assignment of error is sustained.

{¶ 6} In the third and fourth assignments of error, Amos claims that the trial court erred by not appointing counsel and by not getting a waiver of counsel. The record before us, limited as it is, does not reveal any written waiver of counsel signed by the juvenile or his guardian ad litem. The trial court appointed the guardian ad litem but did not appoint separate counsel. Indigent children are entitled to appointed counsel in all juvenile court proceedings. *State ex rel. Asberry v. Payne* (1998), 82 Ohio St.3d 44, 693 N.E.2d 794. Although the guardian ad litem was an attorney, the trial court should not presume dual appointment, absent express dual appointment, as the roles of guardian ad litem and attorney are different. *In re Janie M.* (1999), 131 Ohio App.3d 637, 723 N.E.2d 191. Thus, the trial court erred by neither appointing counsel to represent the indigent child nor by obtaining a waiver of counsel from the guardian ad litem. The third and fourth assignments of error are sustained.

{¶ 7} The second assignment of error asserts that the admissions made by Amos were not made knowingly, intelligently, or voluntarily:

"The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

"(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

"(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing." Juv.R. 29(D).

{¶ 8} Without a transcript to review, there is no way to review the admissions and to ensure that the trial court complied with the rule. The journal entry alone

does not provide sufficient support for this court to review whether the rule was followed. When the record as a whole is silent, the state bears the burden of proving that the admissions were properly made. *In re Raypole*, 12th Dist. Nos. CA2002–01–001 and CA2002–01–002, 2003-Ohio-1066, 2003 WL 928976. The state has presented no brief, so fails to meet its burden. The second assignment of error is sustained.

{¶ 9} The judgments of the Court of Common Pleas of Crawford County, Juvenile Division, are reversed, and the cause is remanded for further proceedings.

Judgments reversed
and cause remanded.

SHAW and CUPP, JJ., concur.