**In re R.B.**

[Cite as *In re R.B.*, 166 Ohio App.3d 626, 2006-Ohio-264.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2005–CA–94.

Decided Jan. 13, 2006.

William H. Lamb, Assistant Prosecuting Attorney, for appellee.

Jill E. Beeler, Assistant State Public Defender, for appellant.

---

FAIN, Judge.

{¶ 1} R.B., a juvenile, appeals from a judgment of the trial court adjudicating him to be a delinquent and ordering his commitment to the custody of the Ohio Department of Youth Services ("DYS"). R.B. contends that the trial court accepted his admission of delinquency in violation of his right to counsel, because the trial court, after R.B. had requested a lawyer, neither provided him with a lawyer, ascertained that he was waiving his right to counsel, nor determined that he was not indigent. R.B. also contends that his admission was not knowing, voluntary, and intelligent, and that the trial court erred when it failed to hold a hearing to determine whether he was able to pay financial sanctions imposed upon him by the court.

{¶ 2} We conclude that R.B.'s constitutional right to counsel was violated. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings. In view of this disposition, we find it unnecessary to resolve R.B.'s other assignments of error.

I

{¶ 3} R.B., who was nearly 16 years old, was charged with delinquency by reason of having committed acts that, if committed by an adult, would constitute tampering with drugs and tampering with evidence, both felonies of the fourth degree.

{¶ 4} R.B. was first arraigned on May 31, 2005. Neither of his parents appeared with him, and the magistrate continued the arraignment until the following day. The next day, R.B. again appeared with neither of his parents. Although R.B. did not then tender a plea, the magistrate entered R.B.'s denial to the charges, and scheduled an adjudication hearing for June 17, 2005. Near the

end of the arraignment on June 1, the magistrate asked R.B., "Do you want an attorney?" This colloquy proceeded as follows:

{¶ 5} "THE YOUTH: Yeah.

{¶ 6} "THE COURT: Okay. I will indicate to your father that you've requested an attorney. We'll talk about that at the pre-trial, all right?

{¶ 7} "THE YOUTH: So—

{¶ 8} "THE COURT: I'm not going to appoint one since your father may be able to afford one."

{¶ 9} There was no further discussion, either at the June 1 arraignment or thereafter, of the matter of R.B.'s legal representation.

{¶ 10} At the June 17 adjudication hearing, R.B. was present, as were his parents. The magistrate made note of that fact at the beginning of the hearing: "R------ is here with his parents. The State of Ohio is being represented by Attorney Luthe. You [Luthe] may proceed at this time."

{¶ 11} Evidently, an agreement had been entered into, whereby R.B. would admit to a disorderly-conduct charge of delinquency pending in another case, and to possession of drugs as a fourth-degree felony, to which the tampering-with-drugs charge would be amended, and the tampering-with-evidence charge would be dismissed. The magistrate took R.B.'s admission to the disorderly-conduct and possession-of-drugs charges, discussing with him the various rights he would be surrendering by admitting the charges, but not his right to the assistance of counsel at any trial. The right to counsel was simply not brought up in the record of this proceeding. Furthermore, although the nature of the tampering-with-evidence and tampering-with-drugs charges had been discussed with R.B. at his first arraignment, on May 31, the nature of the possession-of-drugs charge to which he was admitting at his adjudication hearing was never discussed on the record.

{¶ 12} At the adjudication hearing, neither of R.B.'s parents said anything on the record until after R.B.'s admission was accepted. Both parents then participated in discussion of future scheduling and possible alternative dispositions to commitment to DYS.

{¶ 13} On July 20, 2005, in a proceeding before the trial judge, at which again there was no mention of the issue of R.B.'s legal representation, R.B. was afforded his right of allocution, and he was committed to the custody of DYS for the minimum term of six months, to be released upon successful completion of a drug and alcohol program. He was also fined $100 and court costs.

{¶ 14} From the judgment of the trial court, R.B. appeals.

## II

{¶ 15} R.B.'s first assignment of error is as follows:

{¶ 16} "The trial court violated R.B.'s right to counsel and due process under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution, Ohio Revised Code Section 2151.352 and Juvenile Rules 4 and 29."

{¶ 17} R.B.'s argument is simple. He contends that he had, and at one point asserted, a right to counsel; that he never waived that right; and that he was not represented by counsel at any point during the proceedings.

{¶ 18} The state asks us to indulge in a number of assumptions, none of which find affirmative support in the record. The state asks us to assume that R.B.'s family was not indigent—in other words, his family could afford a lawyer—and that the family, R.B. included, elected to proceed without one.

{¶ 19} The one thing that is clear from the record is that R.B. was without legal representation during the entirety of the proceedings. The constitutional right of a juvenile faced with possible incarceration to legal counsel is firmly established. *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. Regardless of indigency, that right may be waived. Under some circumstances, the waiver of the right to counsel may be inferred from circumstances. The right of a parent to counsel, for example, has been deemed waived where the parent was repeatedly reminded of his right to counsel, discharged his appointed counsel, stated that he would obtain counsel, and showed up at a permanent custody hearing without a lawyer, stating that he was ready to proceed. *In re Moore*, 153 Ohio App.3d 641, 2003-Ohio-4250, 795 N.E.2d 149. The circumstances in the case before us are nowhere near the extreme circumstances of *In re Moore*. In the case before us, the subject of R.B.'s legal representation was only mentioned once on the record, at his June 1 arraignment, where he was asked if he wanted a lawyer and responded affirmatively. R.B.'s waiver of his right to counsel cannot be inferred from this record.

{¶ 20} A juvenile's waiver of his right to counsel must be voluntarily, knowingly, and intelligently made. The court must fully and clearly explain to the juvenile his or her right to counsel, and the juvenile in turn must affirmatively waive that right on the record. *In re L.E.P.*, Clark App. No.2004 CA 85, 2005-Ohio-4600, 2005 WL 2107854, ¶ 14. Juv. R. 29(B)(3) specifically requires the trial court, at the beginning of an adjudicatory hearing, to "[i]nform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel." That was not done at the adjudicatory hearing in this case on June 17.

{¶ 21} The state argues that R.B.'s father's participation at the adjudication hearing obviated R.B.'s right to counsel, citing one sentence in R.C. 2151.352, which provides as follows:

{¶ 22} "Counsel must be provided for a child not represented by the child's parent, guardian, or custodian."

{¶ 23} Obviously, nothing in the Ohio Revised Code can override a juvenile's constitutional right to counsel recognized in *In re Gault,* supra. Also, if the above-quoted language in R.C. 2151.352 were given the construction urged by the state, it would conflict with other provisions in the same section:

{¶ 24} "A child or the child's parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code * * *. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person."

{¶ 25} R.B. is clearly a party to this proceeding. The first two sentences of R.C. 2151.352 recognize that a party has a right to counsel. In our view, these provisions can be reconciled with the sentence upon which the state relies. A party may waive the right to counsel, if the party does so knowingly and voluntarily. But the sentence upon which the state relies does not provide for waiver. If a child appears before the court who is not represented by the child's parent, guardian, or custodian, then the trial court "must" provide counsel. Only if the child has some adult to advise him may the child knowingly and voluntarily waive his right to counsel. That construction of the statute serves an apparent purpose of assuring that a child's waiver of the right to counsel is knowing and voluntary, and it reconciles the quoted provisions, giving meaning to each.

{¶ 26} The right to counsel is not limited to the indigent, as the state suggests in its brief. Even the affluent have a right to counsel, although they, unlike the indigent, may not require that the state underwrite the expense of legal counsel. Thus, the state's argument that this record does not establish R.B.'s indigency, or his family's indigency, is wide of the mark, since R.B. has a right to counsel regardless of indigency. We note, though, that it makes no sense to presume, even rebuttably, that a minor can afford counsel. The far more rational presumption is that a minor cannot afford counsel. Of course, the minor's parents may be able to afford counsel.

{¶ 27} On the issue of indigency, as it relates to the appointment of legal counsel for a juvenile at the state's expense, Ohio Adm.Code 120–1–03(D), while presumably not binding on the courts, provides some useful guidance. That section provides as follows:

{¶ 28} "Juvenile Court. In determining eligibility of a child for court-appointed counsel in juvenile court, only the child's income shall initially be considered. The court is encouraged to order parents who are not indigent to pay for the necessary costs of representation for the child in delinquency, unruly, and traffic cases. In no case shall a child be denied appointed counsel because a parent refuses to disclose their financial information or to participate in a reimbursement, recoupment, contribution, or partial payment program."

{¶ 29} We also find instructive a decision of the Greene County Juvenile Court. In *In the Matter of J.C.T.* (Aug. 3, 2005), No. 37420, Judge Robert Hutcheson ruled as follows:

{¶ 30} "A minor child has a right to an attorney in a Juvenile Court proceeding, regardless of the parents' financial ability and/or willingness to hire counsel for their child. The law requires appointment of counsel if the child does not independently have the means to hire counsel.

{¶ 31} "A parent's responsibility to adequately support his/her child would encompass paying for necessary legal services. * * *

{¶ 32} "In these cases, as in the situation with [J.T.], the child's parents will be encouraged to hire counsel for their child and will be advised by the Court that, if counsel is not hired, the Court will appoint an attorney for the child, and that appointed counsel's legal fees may be taxed as court costs against the parents. Whether the fees are so taxed as costs will be determined on a case-by-case basis."

{¶ 33} In the case before us, it is premature to determine whether legal counsel must be appointed for R.B., and, if so, how his counsel's fees shall be funded. We determine only that R.B. had a right to counsel, which he did not knowingly and intelligently waive on this record.

{¶ 34} R.B.'s first assignment of error is sustained.

## III

{¶ 35} R.B.'s second and third assignments of error are as follows:

{¶ 36} "[R.B.]'s admission to possession of drugs was not knowing, voluntary, and intelligent, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Sections 10 and 16 of the Ohio Constitution, and Juvenile Rule 29.

{¶ 37} "The trial court erred when it failed to hold a hearing to determine whether [R.B.], a juvenile, was able to pay the sanctions imposed by the juvenile court and failed to consider community service in lieu of the financial sanctions in violation of R.C. 2152.20."

{¶ 38} In view of our disposition of R.B.'s first assignment of error, we regard his second and third assignments of error as moot, and we find it unnecessary to resolve them. R.B.'s second and third assignments of error are overruled as moot.

## IV

{¶ 39} R.B.'s first assignment of error having been sustained, and his second and third assignments of error having been overruled as moot, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

WOLFF and DONOVAN, JJ., concur.