DECISION. *Page 2 
{¶ 1} In February 2006, the Hamilton County Juvenile Court determined that defendant-appellant Justin Andrew had violated the terms of his parole by absconding from his placement in Akron, Ohio. The court revoked Andrew's parole and committed him to the Ohio Department of Youth Services.
 {¶ 2} Andrew now argues that his adjudication and sentence violated the Sixth and Fourteenth Amendment, specifically alleging that (1) the trial court failed to create a complete record of the proceedings; (2) because the trial court failed to provide counsel, his waiver of counsel was ineffective; and (3) because he was not present at the sentencing disposition, the trial court's sentence was invalid. Andrew's assignments of error are meritless, and we affirm the trial court's judgment.
 I. The Record of the Proceedings {¶ 3} In his first assignment of error, Andrew argues that the juvenile court used a recording device that failed to make a complete record. The transcript shows that many of Andrew's responses were recorded as being "inaudible." In fact, 16 of Andrew's 27 responses contained at least one inaudible word.
 {¶ 4} Under Juv.R. 37(A), the juvenile court shall make a record of adjudicatory and dispositional proceedings in delinquency cases. Failure to create the record required under Juv.R. 37(A) amounts to an abuse of discretion and warrants reversal.[1] Andrew argues that the record is so incomplete that it prohibits us from determining whether he knowingly, voluntarily, and intelligently waived his right to counsel. *Page 3 
 {¶ 5} If the record of the trial proceedings is incomplete or unavailable, the appealing party is permitted to prepare a statement of the evidence or proceedings to permit proper appellate review.[2]
Where all or part of a transcript is unavailable, the burden is on the appellant to reconstruct the record with the required narrative prepared under App.R. 9(C).[3] Andrew has failed to submit an App.R. 9(C) statement to correct or supplement the record. But even so, the record is not so incomplete that it renders Andrew's waiver unintelligible.
 {¶ 6} "The Court: [W]hen I'm talking about representation, I'm talking about in terms of a lawyer to represent you. I know you've obviously had a number of contacts with the Juvenile Court before. It looks to me like you have typically had a public defender represent you in the past, so . . .
 {¶ 7} "Defendant Andrew: (Inaudible).
 {¶ 8} "The Court: So you don't want a lawyer?
 {¶ 9} "Defendant Andrew: (Inaudible).
 {¶ 10} "The Court: "Okay. We'll go ahead today without a lawyer, then."
 {¶ 11} We hold that the record sufficiently shows that Andrew's waiver of counsel was knowingly, voluntarily, and intelligently made.
 II. Juvenile Waiver of Counsel {¶ 12} Andrew's second assignment charges the trial court with error in failing to appoint counsel. Counsel must be provided for a child not represented by his parent, guardian, or custodian.[4] Andrew appeared alone in court for the parole-violation hearing. But Andrew was over the age of 18 at the time — not a "child." The statute was inapplicable, and Andrew's second assignment of error is overruled. *Page 4 
 III. Not Present? {¶ 13} Andrew's final assignment of error charges the trial court with failing to impose the dispositional commitment in his presence. This assignment is disingenuous. The parole officer recommended that Andrew's parole be revoked. At his dispositional hearing, the court initially said that it "was going to put the matter back on Magistrate Miller's docket," but instead it revoked Andrew's parole. After the court revoked Andrew's parole, the stenographer recorded a colloquy between the court and Andrew. Andrew was at the disposition, and his third assignment of error is meritless.
 {¶ 14} We overrule Andrew's assignments of error and affirm the juvenile court's judgment.
Judgment affirmed. SUNDERMANN and HENDON, JJ., concur.
[1] See In re Amos, 3rd Dist. Nos. 3-03-08 and 3-03-09,2003-Ohio-5014.
[2] See App.R. 9(C).
[3] See State v. Drake (1991), 73 Ohio App.3d 640, 647,598 N.E.2d 115.
[4] R.C. 2151.352; see, also, In re R.B., 166 Ohio App.3d 626,2006-Ohio-264. *Page 1