OPINION
{¶ 1} Appellant, M.T., appeals the judgment of the Madison County Juvenile Court finding him a delinquent child and committing him to the Ohio Department of Youth Services. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings.
 {¶ 2} On November 25, 2005, appellant was charged with one count of gross sexual imposition, a third-degree felony if committed by an adult. Appellant was 17 years old at the time the charge was filed. *Page 2 
 {¶ 3} Prior to his arraignment, appellant was provided a one-page standard "rights form," which both appellant and his adoptive mother signed. The form sets forth the juvenile's rights, including the right to be represented by an attorney, along with potential penalties the juvenile may face if adjudicated delinquent or unruly by the court. Following this information, and immediately above the signature lines provided, the form states: "PLEASE ANSWER THE FOLLOWING QUESTIONS BEFORE APPEARING AT ARRAIGNMENT." The form then lists the following questions:
 {¶ 4} "Have you read and do you understand the above information: (Circle appropriate response) YES / NO[.]
 {¶ 5} I do want an attorney and a trial.
 {¶ 6} I do not want an attorney or a trial.
 {¶ 7} I admit / deny the charge of delinquent/unruly behavior.
 {¶ 8} I enter a "No Contest" plea. (Meaning that I admit at least some of the facts but deny guilt and will leave it up to the judge to decide after he hears my story.)
 {¶ 9} I am / am not indigent. (without funds)[.]" [sic]
 {¶ 10} Appellant did not circle "yes" or "no" to the first question on the form asking whether he read and understood the information contained therein. With respect to the second and third questions regarding whether or not he wanted an attorney or trial, appellant circled "I" in response to the question, "I do not want an attorney or a trial." Finally, appellant circled "I admit" in response to the question, "I admit/deny the charge of delinquent/unruly behavior." Appellant did not circle a response to the final question regarding whether he is indigent.
 {¶ 11} On December 19, 2005, appellant appeared at his scheduled arraignment, during which the trial court ultimately conducted an adjudicatory hearing. At the beginning of the hearing, the trial court read appellant the charge, and noted on the record that appellant *Page 3 
had received and signed a rights form indicating he wished to admit the charge. The trial court, however, did not go over the form with appellant or ask him any questions regarding the form.
 {¶ 12} After reciting a statement of his constitutional rights, the court accepted appellant's admission and later committed him to the Ohio Department of Youth Services for a minimum period of six months, up to a maximum period not to exceed his 21st birthday. Appellant was not represented by counsel at any time during the proceedings, though his adoptive mother was present at both the adjudicatory and disposition hearings.
 {¶ 13} Appellant now appeals the trial court's adjudication and disposition decisions, raising two assignments of error.
 {¶ 14} Assignment of Error No. 1:
 {¶ 15} "THE TRIAL COURT VIOLATED [M.T.'S] RIGHT TO COUNSEL AND DUE PROCESS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, OHIO REVISED CODE SECTION 2151.352 AND JUVENILE RULES 4 AND 29."
 {¶ 16} In his first assignment of error, appellant argues the trial court violated his right to counsel by failing to obtain a valid waiver of counsel during the adjudicatory and disposition hearings, or appoint counsel where appellant did not waive this right. We agree.
 {¶ 17} Pursuant to R.C. 2151.352 and Juv.R. 4, a juvenile is entitled to representation by counsel at all stages of a delinquency proceeding. R.C. 2151.352 provides in relevant part, "[a] child * * * is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code. If, as an indigent person, a party is unable to employ counsel, the party is entitled to have counsel provided for the person pursuant to Chapter 120. of the Revised Code * * *. If a party appears without counsel, the *Page 4 
court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person." Juv.R. 29(B), which governs adjudicatory hearings, provides that "[a]t the beginning of the hearing, the court shall do all of the following: * * * (3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel; (4) Appoint counsel for any unrepresented party under Juv.R. 4(A) who does not waive the right to counsel; (5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent."
 {¶ 18} Pursuant to Juv.R. 3, a juvenile may waive his right to counsel with the permission of the trial court. Before permitting a waiver of counsel, however, "[t]he court must fully and clearly explain to the juvenile his or her right to counsel, and the juvenile in turn must affirmatively waive that right on the record." In re R.B.,166 Ohio App.3d 626, 2006-Ohio-264, ¶ 20. Moreover, the "court must make a sufficient inquiry, encompassing the totality of the circumstances present, to determine whether the juvenile's waiver is given knowingly, intelligently, and voluntarily." In re Shane (Jan. 26, 2001), Darke App. No. 1523, at *2; see, also, In re Johnson (1995), 106 Ohio App.3d 38,41. "In applying the totality-of-the-circumstances test to juveniles, courts must give close scrutiny to factors such as a juvenile's age, emotional stability, mental capacity, and prior criminal experience."In re Johnson.
 {¶ 19} Our review of the record indicates the trial court failed to comply with the requirements of Juv.R. 29(B) in conducting appellant's adjudicatory hearing. As an initial matter, the court failed to determine whether appellant waived his right to counsel in accordance with Juv. R. 29(B)(3). At the commencement of the adjudicatory hearing, the trial court read appellant the charge and simply noted on the record that appellant had received *Page 5 
and signed a standard rights form indicating he wished to admit the charge. The court, however, did not go over the rights form with appellant, or engage in any kind of exchange with appellant regarding his educational background, prior criminal history, emotional stability or mental capacity, such that the court could ascertain his understanding of the proceedings.
 {¶ 20} Ohio courts have previously noted that "[g]iven his lack of maturity, a juvenile, even with a parent present, is all too likely to sign a form he has not fully read or does not fully understand, while at the same time telling the judge otherwise." In re Shane at *3. Here, the record demonstrates appellant made no such representation to the court that he read and understood the rights form. Rather, the record indicates appellant failed to circle a response to the question, "[h]ave you read and do you understand the above information * * *[.]" Appellant also failed to provide a response to the question, "I am / am not indigent * * *[,]" and circled "I" in response the question, "I donot want an attorney or a trial," instead of circling "I do not." Notwithstanding these incomplete and inaccurate responses, the record demonstrates the trial court did not go over any of the information set forth in the form, any of the questions listed on the form, any of appellant's responses to these questions, or appellant's overall ability to read and understand the form.
 {¶ 21} In addition, our review of the record indicates that while the trial court recited appellant's constitutional rights during the adjudicatory hearing, it failed to secure any verbal response from appellant that he specifically understood his right to counsel and wished to waive the same. After acknowledging that appellant had signed the rights form indicating he wished to admit the charge, the court addressed appellant, stating, "before I accept your plea, the law requires that I go over your constitutional rights * * *. If there's something you don't understand, you let me know and we'll go over it." The court then recited appellant's rights, including his right to counsel: "Also you have right [sic] to be represented by an attorney at all stages of these proceedings. If you can not [sic] afford one yourself, one *Page 6 
would be appointed for you at no cost to you."
 {¶ 22} Directly after informing appellant of his right to counsel, the court stated: "Those are basically your constitutional rights in this case. Do you understand the rights that I have just gone over? Do you have any question about them? Okay." The record, however, contains no indication that appellant provided a response to the court, verbal or otherwise, that he understood his right to be represented by counsel.[1] Further, the record contains no indication appellant affirmatively stated he wanted an attorney or wished to waive his right in this regard. In fact, no verbal response by appellant to any of the trial court's statements appears in the record, except after the court asked him whether he understood that by admitting the charge, he was waiving his rights to compel the state to prove its case, to confront witnesses, to call his own witnesses and to remain silent. At that point, appellant's mother told appellant to "speak up and say," after which appellant responded, "yes." This was the only oral statement appellant made to the court at any time during the proceedings.[2]
 {¶ 23} Finally, we find the trial court's failure to make a sufficient inquiry regarding appellant's understanding and waiver of counsel during the adjudicatory hearing is compounded by fact the trial court failed to advise appellant during his disposition hearing of his right to counsel and determine whether he continued to waive his right at that time. Ohio courts have previously found that a juvenile's waiver of counsel at one stage of the proceedings does not preclude him from "asserting his right to counsel at a later stage." See In re S.J., Summit App. No. 23058,2006-Ohio-4467, ¶ 6, citing Juv.R. 29(B)(5). "Once a juvenile validly waives counsel during the adjudication hearing," which is governed by Juv.R. *Page 7 
29(B), "he does not lose the right to request counsel for the disposition hearing, which is governed by Juv.R. 34." Id.
 {¶ 24} Here, even had appellant validly waived his right to counsel during the adjudicatory hearing, the trial court was still required to advise appellant of his right to counsel and determine whether he wished to waive his right to counsel during the disposition hearing. Significantly, the adjudicatory hearing was held on December 19, 2005, while the disposition hearing did not occur until March 21, 2006. Notwithstanding this time gap, the record indicates the court neither advised appellant of his right to counsel, nor determined whether he wished to waive this right during the disposition hearing.[3]
 {¶ 25} Based upon the foregoing, we find the trial court erred in finding appellant fully understood and voluntarily waived his right to counsel during the delinquency proceedings.[4] Appellant's first assignment of error is sustained.
 {¶ 26} Assignment of Error No. 2:
 {¶ 27} "[M.T.'S] ADMISSION WAS NOT KNOWING, VOLUNTARY, AND INTELLIGENT, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND JUVENILE RULE 29."
 {¶ 28} In his second assignment of error, appellant argues the trial court erred in failing to determine whether he understood the nature of the allegations, the consequences of his admission or the rights he was waiving by entering an admission. Appellant contends *Page 8 
the trial court's failure to do so resulted in an invalid admission. We agree.
 {¶ 29} Ohio courts have explained that an admission pursuant to Juv.R. 29(D) is similar to a guilty plea pursuant to Crim.R. 11(C) "in that it constitutes `a waiver of rights to challenge the allegations [in the complaint].'" See In re J.J. (Mar. 24, 2004), Summit App. No. 21386,2004-Ohio-1429, ¶ 7. Accordingly, a "[r]eview of an admission pursuant to Juv.R. 29(D) is similar to review of a guilty plea pursuant to Crim.R. 11." See In re McKenzie (1995), 102 Ohio App.3d 275, 277.
 {¶ 30} Juv.R. 29(D) provides, "[t]he court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following: (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing." In other words, the court must perform an on-the-record exchange with the juvenile to determine whether his admission is knowing, intelligent and voluntary, similar to the requirements governing a guilty plea pursuant to Crim.R. 11(C)(2). See In re McKenzie at 277.
 {¶ 31} "The test for ascertaining the juvenile's understanding is subjective, rather than objective." In re J.J. at ¶ 8, In reBeechler (1996), 115 Ohio App.3d 567, 571. Further, although the "trial court need not strictly adhere to the procedures imposed by these rules," it must substantially comply with their provisions. SeeState v. Billups (1979), 57 Ohio St.2d 31, 38; In re Christopher R.
(1995), 101 Ohio App.3d 245, 247-248; In re Jenkins (1995),101 Ohio App.3d 177, 179-180. If it fails to do so, the adjudication will be reversed to allow the minor to "plead anew." In re Christopher R. at 248; see, also, In re Meyer (Jan. 15, 1992), Hamilton App. Nos. C-910292, 910404, at *2. *Page 9 
 {¶ 32} Our review of the record indicates the trial court failed to substantially comply with the requirements of Juv.R. 29(D) before accepting appellant's admission indicated on the rights form. As stated, the court failed to personally go over the rights form with appellant, or engage in any kind of colloquy with appellant regarding his age, educational background, criminal history, emotional stability or mental capacity, such that it could assess his understanding of the proceedings. While the trial court informed appellant of the rights he would be waiving by entering an admission, there is no indication the court engaged in any kind of exchange with appellant to ascertain whether he understood these rights, that he would be waiving them by entering an admission, or that he understood the nature of the charge and the possible penalties he faced if adjudicated a delinquent child.
 {¶ 33} Further, although appellant responded "yes" when the court inquired whether he understood the effect of his plea, the record indicates appellant only did so after the prodding of his mother, "speak up and say." The record, however, contains no indication that appellant verbally acknowledged his rights and the consequences he faced by admitting the charge, or that he verbally entered an admission to the charge on the record at any time.
 {¶ 34} Significantly, the record indicates appellant has been in the foster care system for several years, beginning after his natural mother's parental rights were terminated when he was a young child. The record demonstrates that since that time, appellant has had both behavioral and mental health problems, and has been on various medications for mental health issues. Certainly, this information would have been relevant to the court's determination of whether appellant appreciated the nature of the charge against him and the consequences of admitting the charge.
 {¶ 35} Accordingly, we find the trial court failed to substantially comply with the requirements of Juv.R. 29(D) when it failed to engage in any meaningful exchange with appellant to ascertain whether he understood the nature of the charge against him or the *Page 10 
rights he was waiving by admitting the charge. As a result, we cannot find appellant's admission was knowingly, intelligently and voluntarily entered. Appellant's second assignment of error is therefore sustained.
 {¶ 36} Judgment reversed and remanded for further proceedings consistent with this opinion.
WALSH and POWELL, JJ., concur.
[1] While appellee states in its merit brief that appellant made a "non-verbal acknowledgement and waiver of his right to an attorney and his other rights" during the adjudicatory hearing, our review of the record yields no support for this proposition.
[2] Notably, it is not clear from the record whether appellant's "yes" was given in response to the trial court's question as to whether he understood the effect of his plea, or to the court's earlier question regarding his understanding of his right to counsel at all stages of the proceedings.
[3] Notably, the trial court did not ask appellant any questions during the disposition hearing, and appellant made no verbal statements to the court at that time.
[4] We do not reach the issue of whether counsel must be appointed for M.T. because the trial court did not determine whether appellant was indigent during the adjudicatory proceeding. Appellant left this question unanswered when he completed the rights form and the trial court did not make an inquiry to ascertain this information during the adjudicatory hearing. See In re R.B. at ¶ 33. Rather, we determine only that M.T. had a right to counsel which he did not validly waive. *Page 1