OPINION
{¶ 1} E.H., Jr., a minor child, appeals from the judgment of the Common Pleas Court of Montgomery County, Juvenile Division, finding him in violation of the terms of his parole and ordering him to serve a minimum period of 90 days at the Department of *Page 2 
Youth Services.
 {¶ 2} The record in the present matter reflects that E.H., Jr. ("E.H.") was initially charged on February 1, 2006 with one count of theft, a felony of the fifth degree if committed by an adult. He was adjudicated delinquent and committed to the Department of Youth Services ("DYS") for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed his twenty-first birthday. On August 23, 2006, the juvenile court issued an entry approving terms and conditions of E.H.'s parole with the DYS and ordered that he be released early from the institution. Subsequently, on January 4, 2007, E.H. was found to have violated the terms and conditions of his parole. The juvenile court ordered that he again be committed to the DYS for a minimum period of 90 days. A second entry approving early release from institutional care was issued on May 14, 2007. On or about May 15, 2007, however, E.H. failed to attend a scheduled restitution program as part of his parole. The record indicates that he arrived at the program site at 7:40 a.m. only to inform the security guard that he had a doctor's appointment. Later he returned, but this time he told a restitution worker that he had to pick up his niece. E.H.'s mother provided to a parole officer that she was unaware of her son's whereabouts. She also informed the parole officer that E.H. did not have a doctor's appointment or a commitment to watch his niece.
 {¶ 3} A parole revocation hearing was held on May 17, 2007. At the hearing, the following exchange took place regarding E.H.'s constitutional rights:
 {¶ 4} "THE COURT: * * * You have what are called constitutional rights, and *Page 3 
those rights include the right to remain silent, the right to have an attorney, the right to have this complaint set for a trial. You have the right to require the State of Ohio to prove that you are responsible of this new charge beyond a reasonable doubt. You have the right to have your attorney cross-examine any state witness and the right to subpoena witnesses who could testify for you. Do you understand those rights?
 {¶ 5} "E.H.: Yes, I do.
 {¶ 6} "THE COURT: Furthermore, you have the possibility if the Court finds you responsible of this to be sent back to DYS. Do you understand that?
 {¶ 7} "E.H.: Yes.
 {¶ 8} "THE COURT: Knowing that the worst-case scenario is I could send you back to DYS or give you probation or Dora Lee Tate time — but again, I could send you back to DYS. Do you understand that?
 {¶ 9} "E.H.: Yes.
 {¶ 10} "THE COURT: Do you still want to enter your admission?
 {¶ 11} "E.H.: Yes, I do.
 {¶ 12} "THE COURT: Ma'am, as his mother, do you believe that he understands what his constitutional rights are?
 {¶ 13} "Ms. Wallace: Yes, sir.
 {¶ 14} "THE COURT: And do you believe he understands what he is being charged with in terms of the violation?
 {¶ 15} "Ms. Wallace: Yes, sir.
 {¶ 16} "THE COURT: And do you believe he understands the possible *Page 4 
ramifications of his admissions?
 {¶ 17} "Ms. Wallace: Yes.
 {¶ 18} "THE COURT: [E.H.], has anyone forced you or threatened you today to enter your admission?
 {¶ 19} "E.H.: No.
 {¶ 20} "THE COURT: The Court does find that he understands his constitutional rights and has voluntarily waived those rights. The Court further feels that he understands the complaint that was read to him regarding his violations as well as possible dispositions. The Court believes that his admission has been given voluntarily and therefore will find him to be a delinquent child as a result of his admission." (Tr. at 3-5.)
 {¶ 21} Thereafter, the juvenile court committed E.H. to the DYS for a minimum period of 90 days. It is from this judgment that the present appeal arises.
 {¶ 22} In a single assignment of error, E.H. contends that the trial court denied his right to counsel during his parole revocation hearing. According to E.H., the trial court failed to make the appropriate inquiry into factors such as his age, emotional stability, mental capacity, and prior criminal experience before determining that he had intelligently, knowingly, and voluntarily waived his right to counsel. Furthermore, E.H. argues that the court spoke in general terms about constitutional rights without specifically asking whether he wanted counsel to be present or whether he wanted to waive his right to counsel. As a result, E.H. asserts that the court's colloquy with him was insufficient to assess whether he understood the nature of his right to counsel. *Page 5 
 {¶ 23} A juvenile may waive his or her right to counsel, if such waiver is made voluntarily, knowingly and intelligently. In reR.B., 166 Ohio App.3d 626, 2006-Ohio-264, 852 N.E.2d 1219, at ¶ 20. The court must fully and clearly explain the right to counsel to the juvenile, who, in turn, must affirmatively waive that right on the record. Id., citing In re LE.P., Clark App. No. 2004 CA 85,2005-Ohio-4600, at ¶ 14. In order to fulfill this duty "`properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand.'" In re Bays, Greene App. Nos. 2002-CA-52, 2002-CA-56, 2003-Ohio-1256, at ¶ 11, quotingState v. Gibson (1976), 45 Ohio St.2d 366, 377, 74 O.O.2d 525,345 N.E.2d 399.
 {¶ 24} Furthermore, a court shall be guided by Juv.R. 29 when considering a waiver of counsel and accepting an admission. In reC.S., 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, at ¶ 111. Specifically, Juv.R. 29(B)(3) requires the trial court, at the beginning of an adjudicatory hearing, to "[i]nform unrepresented parties of their right to counsel and determine if those parties are waiving their rightto counsel." (Emphasis added.) Juv.R. 29(B)(5) further obligates the court to "[i]nform any unrepresented party who waives the right to counsel of the right to obtain counsel at any stage of the proceedings, * * * ." This Court has previously held that substantial compliance with the rule will satisfy a court's obligation to inform a juvenile of his or her rights under Juv.R. 29. In re Bays, 2003-Ohio-1256, at f7, citingIn re Pyles, Montgomery App. No. 19354, 2002-Ohio-5539, at ¶ 16.
 {¶ 25} In the instant matter, we cannot find that the juvenile court substantially *Page 6 
complied with the guidelines of Juv.R. 29(B). Although the court did inform E.H. at the beginning of the May 17, 2007 hearing that he had the right to have an attorney, the court's inquiry into E.H.'s understanding of that right stopped there. The record does not demonstrate that the court effectively determined if E.H. was waiving his right to counsel pursuant to Juv.R. 29(B)(3), where the court failed to specifically ask (1) whether E.H. was even aware that he could waive the right to have counsel present, and (2) whether E.H. indeed wanted to waive that right. The State would like this Court to infer that E.H. understood and waived his right to counsel simply by his affirmative response to whether he understood his constitutional rights in general. We refuse to do so. We also find that the juvenile court did not even minimally comply with Juv.R. 29(B)(5). At no time during the hearing did the court inform E.H. that he could obtain counsel during any stage of the proceeding. Overall, the record in this case does not convince us that the trial court satisfied the requirements of Juv.R. 29(B).
 {¶ 26} In addition to the juvenile court's failure to substantially comply with Juv.R. 29, we also find that the totality of the circumstances does not demonstrate that E.H.'s waiver of his right to counsel was valid. The Supreme Court of Ohio has recently held that a totality-of-the-circumstances analysis is the proper test to be used in ascertaining whether there has been a valid waiver of counsel by a juvenile. In re C.S., 2007-Ohio-4919, at 1J108. As part of this analysis, the trial judge must consider various factors including the juvenile's age, intelligence, and education; his or her background and experience generally and in the court system specifically; the presence or absence of the juvenile's parent, guardian, or custodian; the language used by the court to describe *Page 7 
the juvenile's rights; his or her conduct and emotional stability; and the complexity of the proceedings. Id., citing In re Dalton S. (2007),273 Neb. 504, 515, 730 N.W.2d 816.
 {¶ 27} Here, E.H. was 16 at the time of the May 17, 2007 hearing. He had yet to complete his ninth year in school because much of 2006 and 2007 had been spent in and out of the DYS. The record further reflects that E.H.'s mother was present during the hearing, but there is no evidence that she counseled and advised him on the issue of waiving his right to counsel. See In re C.S., 2007-Ohio-4919, at ¶ 98 (holding that a juvenile may waive his right to counsel in a delinquency proceeding if he is counseled and advised by his parent, custodian, or guardian). Instead, the record merely shows that E.H.'s mother was asked by the court whether she believed that E.H. understood his constitutional rights, to which she replied "Yes." (Tr. at 4.) Moreover, as we stated above, the court's discussion concerning E.H.'s constitutional rights was a far cry from an inquiry into whether he actually understood his right to have counsel present and whether, having understood that right, he wished to proceed unrepresented. We do not believe that the juvenile court's colloquy, although including a statement by E.H. that he understood his constitutional rights, rises to the level of a full and clear explanation of the right to counsel followed by an affirmative waiver of that right on the record. See In re R.B., 2006-Ohio-264, at ¶ 20. In conclusion, while we are aware that this was not the first time E.H. appeared before the court in an adjudicatory hearing, we decline to find that the totality of the circumstances demonstrates a valid waiver of the right to counsel in the present matter.
 {¶ 28} Based on the foregoing discussion, we do not find that the record in this *Page 8 
case affirmatively illustrates a voluntary, knowing, and intelligent waiver of E.H.'s right to counsel. Accordingly, we sustain the single assignment of error. The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
Judgment reversed and remanded.
 GRADY, J., and DONOVAN, J., concur. *Page 1